Ex Parte Manuel Reyes Rivera, peticionario y apelante; María Rodríguez, opositora y apelada.

Núm. 9658.—*Sometido:* Mayo 6, 1948. *Resuelto:* Mayo 27, 1948.

*Diego O. Marrero,* abogado del apelante; *L. Santiago Carmona,* abogado de la apelada.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En el escrito inicial radicado por Manuel Reyes Rivera ante la Corte de Distrito de Bayamón en un expediente sobre información de dominio se alega en síntesis que el promovente es dueño de una parcela de terreno compuesta de 2.275 cuerdas, la cual adquirió por escritura pública en 12 de abril de 1946, fecha desde la cual posee la misma, y que él y sus anteriores dueños la han poseído por más de veinte años quieta, pública y pacíficamente, sin interrupción, y a título de dueños. A esa solicitud presentó María G. Rodríguez un escrito de oposición en que sostiene que el peticionario nunca ha sido dueño de la parcela cuya inscripción de dominio solicita y que desde 1935 ella ha poseído la misma, en carácter de dueña, siendo el promovente un perturbador de esa posesión.

Convertida así en pleito contencioso la solicitud del promovente,[1] al comenzar éste la práctica de su prueba, a instancias de la corte admitió por conducto de su abogado que existe otro caso entre las partes sobre *injunction* para recobrar la posesión de la finca objeto del expediente, así como que la sentencia dictada en dicho caso a favor de la aquí opositora se halla pendiente de la apelación interpuesta por él para ante este Tribunal Supremo. Manifestó en seguida el juez sentenciador que si ésa era la situación, la solicitud de dominio no podía verse y declaró sin lugar *ipso facto* la petición, dictando sentencia a ese efecto.

[1] Véase *Rodríguez v. Registrador,* 65 D.P.R. 653, 656.

El promovente ha apelado de la sentencia así dictada y en apoyo de su recurso señala ocho errores, que pueden resumirse del siguiente modo: que la Corte de Distrito de Bayamón cometió error al plantear *motu proprio* y resolver que la demanda de interdicto posesorio radicada por la opositora María G. Rodríguez en relación con la finca objeto del expediente de dominio había interrumpido la posesión que a título de dueños el promovente Manuel Reyes Rivera y sus predecesores hubieran podido tener de la finca en cuestión, y que faltaba, en su consecuencia, uno de los requisitos esenciales para poder proseguir con éxito la acción instada por el peticionario.

■■ Erró la corte inferior al proceder en la forma en que lo hizo. Al iniciarse el juicio y mientras declaraba uno de los testigos del promovente, la corte *sua sponte* suscitó la cuestión relativa al interdicto posesorio y la consiguiente interrupción, a su juicio, del período de posesión necesario en el peticionario y sus causantes para justificar el dominio. Lo correcto desde luego hubiera sido permitir al promovente aducir toda la prueba documental y testifical que tuviera y no interrumpir abruptamente el juicio sin darle oportunidad para probar sus alegaciones.

Para adquirir el dominio la ley fija como indispensables determinados requisitos y determinado período prescriptivo. Provee también que la posesión no debe haber sido interrumpida. No obstante, cuando transcurre en su totalidad el período prescriptivo especificado por ella para adquirir el dominio, surge de inmediato una materialización o consolidación del dominio en la persona que en unión a sus anteriores dueños ha poseído la finca por el período requerido. Cualquier interrupción posterior al transcurso del período prescriptivo fijado por el estatuto no puede de manera alguna perjudicar el dominio así adquirido por el poseedor. En *Bermúdez* v. *Morales,* 42 D.P.R. 426, surgió una situa-

ción similar a la aquí envuelta y en él, copiando del sumario, dijimos:

"Alegada por el opositor en un expediente de dominio la interrupción de la posesión del promovente a virtud de pleito entablado por aquél, si a la fecha en que éste se instó ya dicho causante ha ganado el dominio por prescripción extraordinaria, tal pleito no puede afectar al dominio así ganado ni tomarse en consideración a los efectos de la interrupción de la prescripción adquisitiva por el promovente."

Sobre este mismo extremo, la sentencia del Tribunal Supremo de España de 18 de marzo de 1902, 10 Jurisprudencia del Código Civil, pág. 446, se expresa del siguiente modo a la página 450:

"La prescripción sólo puede estimarse interrumpida por actos de los previstos en la ley realizados durante el curso del tiempo marcado para que aquélla pueda tener lugar; . . .".

■■ Lo anteriormente expuesto bastaría para revocar la sentencia apelada. Sin embargo, creemos oportuno agregar que según la interpretación que hemos dado al artículo 1846 del Código Civil, edición de 1930, no basta con que se inicie un pleito contra el reclamante del dominio para que la posesión de éste y sus predecesores pueda decirse que ha sido interrumpida. La ley y la jurisprudencia requieren algo más, o sea que el demandante prosiga su pleito hasta una terminación victoriosa. *Annoni* v. *Sucn. Nadal*, 59 D.P.R. 640, 647 y *Calderón* v. *Sociedad de Auxilio Mutuo*, 42 D.P.R. 414, 420.

Los autos de este caso meramente demuestran que la opositora radicó una acción de interdicto posesorio contra el aquí promovente ante la misma Corte de Distrito de Bayamón; que se dictó sentencia a favor de ella y que el allí demandado, promovente en este recurso, apeló de la misma para ante este Tribunal. Cuando dicha corte dictó sentencia, el referido interdicto posesorio se hallaba pendiente ante nos y no se había dictado, por tanto, en el mismo una sentencia firme e inapelable que pudiera dar derecho a la

allí demandante a sostener que había proseguido su pleito hasta una terminación victoriosa.

Tanto porque el peticionario en el recurso sobre información de dominio posiblemente podía demostrar que su posesión a título de dueño, unida a la de sus predecesores, había ya rebasado el término prescriptivo provisto por la ley con anterioridad a la radicación del interdicto posesorio, como por el hecho de que el pleito instado en este último caso no había llegado aún a su etapa final, cuando la sentencia de la corte inferior fué dictada, dicha sentencia resulta a todas luces insostenible.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte de distrito de su origen para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. De Jesús no intervino.