SUCESIÓN DE DON JOSÉ CARRERA CANCEL Y ESPOSA DOÑA ANGELA NAZARIO Y OTROS, demandantes y recurrentes, *v.* SUCESIÓN DE DON ANTONIO CASTILLO Y OTROS, demandados y recurridos.

*Número:* R-71-93      *Resuelto:* 31 de enero de 1977

*Dapena & Toro,* abogados de los recurrentes; *Luis Negrón Lizardi,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Para reivindicar una finca de dos cuerdas, la posesión de la cual estaba inscrita a nombre de los causantes de los demandantes, se inició la presente acción el 20 de octubre de 1964.

Al morir la madre en el 1925, que había sobrevivido al padre, abandonaron la finca radicada en el Municipio de Sa-

bana Grande y fueron a vivir a Guánica. Desde esa fecha está en posesión de los demandados en concepto de dueños.

El Tribunal Superior, Sala de Mayagüez, Apellániz, J. determinó que la acción estaba prescrita. A ese efecto concluyó "que los demandantes para obtener los servicios de un abogado a los fines de hacerse cargo de la defensa de sus intereses no constituye una de las maneras de interrumpir la prescripción" y "habiendo poseído los demandados la propiedad objeto del litigio en forma ininterrumpida, quieta, pública y pacíficamente y en concepto de dueños durante más de 20 años, los demandados han adquirido por la prescripción extraordinaria la propiedad objeto del litigio."

El tribunal sentenciador fundó estas conclusiones de derecho luego de haber determinado que "durante todo el tiempo transcurrido desde el año 1925 los demandantes nunca han estado en posesión de la propiedad que reclaman, hay alguna prueba de que en los años 1932, 1936 y 1938 el Sr. Clemente Irizarry Pagán, esposo de la demandante María Carrera, solicitó de la demandada Juanita Ramírez Vda. de Castillo permiso para cercar la parcela de dos cuerdas pero según su testimonio 'ella no lo autorizó'."

A pesar de que el 15 de abril de 1971 concedimos a la parte recurrente tiempo necesario para elevar la transcripción de evidencia nunca fue radicada. Tampoco la exposición narrativa de la prueba que autorizamos el 1 de mayo de 1975. El 1 de agosto de 1975 los recurrentes desisten de someter la exposición narrativa. Así las cosas el recurso se limita a determinar la cuestión de derecho de si la gestión realizada por los demandantes para cercar la finca en los años 1932, 1936 y 1938 es suficiente para interrumpir la prescripción que iba corriendo a favor de los demandados a partir del año 1925.

El articulado del Código Civil sobre esta materia es preciso. Establece el Código:

"Art. 1859. Se prescriben también el dominio y demás derechos reales sobre los bienes inmuebles por su posesión no interrumpida durante treinta años, sin necesidad de título ni de buena fe, y sin distinción entre presentes y ausentes, salvo la excepción determinada en el art. 475.[1]

Art. 1843. La posesión se interrumpe para los efectos de la prescripción natural o civilmente.

Art. 1844. Se interrumpe naturalmente la posesión cuando por cualquier causa se cesa en ella por más de un año.

Art. 1845. La interrupción civil se produce por la citación judicial hecha al poseedor aunque sea por mandato de tribunal o juez incompetente.

Art. 1847. También se produce interrupción civil por el requerimiento judicial o notarial siempre que dentro de 2 meses de practicado se presente ante el tribunal o juez la demanda sobre posesión o dominio de la cosa cuestionada.

Art. 1848. Cualquier reconocimiento expreso o tácito que el poseedor hiciere del derecho del dueño interrumpe asimismo la posesión."

■ Los anteriores artículos establecen que se adquiere el dominio de un inmueble por el transcurso de 30 años sin necesidad de título ni de buena fe, pero esa posesión debe ser en carácter de dueño según lo prescribe el Art. 1841.[2] Asimismo establecen que la posesión en la prescripción adquisitiva se interrumpe por requerimiento judicial. Una mera gestión como la realizada por los demandantes no es suficiente para interrumpir el término que iba corriendo a favor de los demandados.

La prueba presentada por el propio demandante establece que la posesión de los demandados era en concepto de dueño, ya que pidieron autorización para cercar la finca y al éstos negarla acataron su negativa no existiendo reconocimiento expreso o tácito del derecho de los demandantes.

---

[1] Prescribe el Art. 475: "Las servidumbres continuas no aparentes y las discontinuas sean o no aparentes, solo podrán adquirirse en virtud de título."

[2] Dispone el Art. 1841: "La posesión ha de ser en concepto de dueño, pública, pacífica y no interrumpida."

Al comentar sobre los anteriores artículos expresa Manresa que la interrupción, la "civil es de derecho estricto y sólo tiene lugar cuando concurre alguna de las causas taxativamente marcadas por la ley." Manresa, *Código Civil Español*, Vol. 12, pág. 1096 (ed. 1973).

Así para interrumpirse la prescripción adquisitiva precisa que medie una "citación judicial hecha al poseedor". De modo pues que meras gestiones, como las realizadas por la parte demandante para que le permitiera cercar la parcela reclamada no son suficientes. Apunta Manresa que "[e]l mismo Tribunal Supremo, en repetida jurisprudencia anterior a la publicación del Código, pero que es aplicable aun después de la vigencia de éste, tiene también establecida la doctrina de que el deslinde y apeo de una heredad, practicado con el único objeto de señalar sus límites, no interrumpe la posesión llevada a cabo con el fin de prescribir; y se explica bien que así haya sido estimado por dicho Tribunal, puesto que en ese acto no hay reconocimiento alguno por parte del poseedor a favor del dueño en cuya contra o en cuyo perjuicio se utiliza la prescripción. Por el contrario, sí existirá dicha interrupción si por virtud del deslinde practicado se reclamare judicialmente la cosa que se pretende prescribir." *Op. cit.*, pág. 1109.

■ Se explica la razón de ser del requisito que exige la citación judicial aduciendo que en "la prescripción extintiva se comprende fácilmente que cualquier gestión del interesado, aunque sea extrajudicial, baste para que surta el efecto de interrumpir la posesión, pues su objeto es asegurar la subsistencia de una acción o de un derecho que forma parte del patrimonio del que interrumpe y que en tal concepto la ley debe amparar y hacer respetar, dando todas las posibles facilidades para mantener su virtualidad y efectos. Por eso el Código, modificando en este punto la doctrina sancionada por la legislación anterior, autoriza en su Art. 1.973 que la simple reclamación particular o extrajudicial del acreedor in-

terrumpa el curso de la prescripción citada. Pero en la adquisitiva son distintas las circunstancias y la razón legal, pues como el fin de la misma es la adquisición del dominio o de algún derecho real que antes de ella no se tiene, o no forma parte del patrimonio del que prescribe, como dicen los tratadistas, y cuya adquisición viene a favorecer la ley por los motivos de interés social que tenemos ya dichos, desde luego resulta de una evidencia indiscutible, que en vez de facilidades debe poner trabas la ley a la interrupción para no impedir el perfeccionamiento y la plena constitución o creación del derecho que concede al poseedor por consecuencia de la posesión continuada, sin contradicción eficaz, por el plazo establecido por la misma con dicho objeto." *Op. cit.* pág. 1103. Ver además: *Ex Parte Reyes; Rodríguez, Opositora,* 68 D.P.R. 854–857 (1948); *Annoni* v. *Sucn. Nadal,* 59 D.P.R. 640–646 (1941); *Calderón* v. *Sociedad de Auxilio Mutuo,* 42 D.P.R. 414 (1931); Puig Brutau, Tomo III, Vol. 1, *Fundamentos de Derecho Civil,* pág. 360 *et seq.;* Scaevola, Tomo XXXII, Vol. 1, *Código Civil,* pág. 462 *et seq.* (ed. 1965).

Actuó, pues, correctamente el juez de instancia al reconocer que no se había interrumpido la prescripción.

■ Independientemente de lo expuesto, como en la contestación radicada por la parte demandada se consigna "que. los demandantes tienen derecho a media cuerda de terreno en la finca descrita en el hecho primero de la demanda" cometió error en no reconocer ese hecho en la sentencia. *Procede por tanto devolver el caso al tribunal de instancia para que se reconozca el derecho de los demandantes a la porción de terreno antes referida.*

El Juez Asociado Señor Rigau se inhibió.