García García, Jueza Ponente
*987 TEXTO COMPLETO DE LA SENTENCIA
Comparecen Germán Romero Bigio, Blanca Iris Romero Bigio e Irma Romero Bigio mediante recurso de apelación. Nos solicitan que revisemos la Sentencia emitida por el Hon. Luis E. Roque Colón del Tribunal de Primera Instancia, Sala Superior de San Juan, dictada el 27 de junio de 2001 y notificada el 4 de enero de 2002.
Por los fundamentos que más adelante exponemos, confirmamos la sentencia apelada.
I
El 4 de abril de 2000, Germán Romero Bigio, Blanca Iris Romero Bigio e Irma Romero Bigio presentaron una Demanda ante el Tribunal de Primera Instancia, Sala Superior de San Juan, en la cual reclamaron el derecho de accesión sobre una estructura para fines residenciales construida en el Solar S guión ocho (S-8) en el Barrio Caimito, Sector Los Romeros, en Río Piedras, San Juan, con una cabida superficial de cuatrocientos siete punto cero trescientos noventa y nueve metros cuadrados (407.0399 m2), en lindes por el norte con Pablo Rosa, por el sur con Camino Los Romeros, por el este con remanente y por el Oeste con el Solar S guión seis (S-6) perteneciente a los demandados, Miguel Martínez, Genoveva Ríos y la sociedad legal de gananciales compuesta por ambos. Los demandantes Germán Romero Bigio, Blanca Iris Romero Bigio e Irma Romero Bigio son los herederos de Hipólito Romero Benitez, quien era el titular, según el Registro de la Propiedad del solar antes descrito y de quien lo heredaron. Los demandados sometieron su Contestación a Demanda y Reconvención el 27 de junio de 2000, en la cual alegaron que ostentaban la posesión de la finca antes descrita que habían adquirido mediante la prescripción adquisitiva. Alegaron los demandados que habían vivido en la estructura hace más de 40 años en concepto de dueño de manera pública, pacífica e ininterrumpidamente.
Luego de celebrar vista en su fondo el 1 de mayo de 2001, el Tribunal de Primera Instancia, Sala Superior de San Juan, dictó Sentencia el 27 de junio de 2001, notificada el 25 octubre de 2001. El Tribunal le dio total credibilidad al testimonio de la demandada, Genoveva Ríos, en cuanto a la posesión de los demandados en concepto de dueño con justo título de manera pública, pacífica e ininterrumpidamente sobre el solar en controversia y declaró sin lugar la demanda y ha lugar la reconvención presentada. El Tribunal reconoció el dominio de los demandados sobre el solar en controversia y ordenó al Registrador de la Propiedad inscribir el mismo a favor de los demandados.
Inconformes, los demandantes recurren ante nos mediante apelación el 3 de mayo de 2003. Señalan los siguientes errores:

“1. Erró el Tribunal de Instancia al determinar que la parte demandante-apelante no tenía el derecho de accesión del predio de terreno ocupado por la parte demandada apelada como precarista.

2. Erró el Tribunal de Instancia al concluir en su Sentencia que la parte demandada poseía el terreno de forma pública, específica, ininterrumpida, de buena fe, con justo título y en concepto de dueño.

3. Erró el honorable Tribunal de Instancia al reconocerle el dominio del Solar S-8 en su totalidad a la parte demandada-apelada cuando de la prueba y de la propia sentencia (determinación de hecho #4) se 
*988
establece que el codemandado cercó una parte del terreno del Solar S-8 y construyó una casa de madera y zinc y no la totalidad del Solar S-8. ”

II
El Artículo 1830 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 5241, dispone que por la prescripción se adquieren, de la manera y con las condiciones determinadas en la ley, el dominio y los demás derechos reales. Véase Silva Wiscovich v. Weber Dental Mfg. Co., 119 D.P.R. 550, 554 (1987); F.A. Rodríguez Morata, Comentarios al Código Civil y Compilaciones Forales, Tomo XXV, Vol. 1, EDERSA, Madrid, 1993, págs. 7 y 29. La prescripción adquisitiva consiste en un modo de adquirir derechos que al mismo tiempo es causa de que los pierda otra persona que no consta que haya querido perderlos. J. Puig Brutau, Fundamentos de Derecho Civil, Tomo HI, Vol. I, 3ra. ed., Bosch, Barcelona, 1989, pág. 314.
La figura jurídica de la usucapión o prescripción adquisitiva se funda en la conveniencia de proteger la seguridad jurídica y atender el interés social de amparar una situación estable frente al ejercicio tardío de los derechos. Puig Brutau (V. I), supra, pág. 315. Obsérvese que de esta forma nuestro ordenamiento sanciona la omisión, inacción o inactividad prolongada del titular que va a perder su derecho. Véase Rodríguez Morata, supra, págs. 32-37.
Por otro lado, la prescripción adquisitiva funciona por la necesidad de dar certidumbre o seguridad a las relaciones jurídicas. Rodríguez Morata, id., pág. 36. El Tribunal Supremo de Puerto Rico ha establecido consistentemente que:
“[...] en nuestra jurisdicción, como en tantas otras, existe un interés público en dotar de certeza las relaciones jurídicas, y en que los pleitos se ventilen con la debida celeridad. Por ello, hemos afirmado antes, que la prescripción existe por motivos de necesidad y de utilidad social. Por medio de esta tan arraigada figura jurídica, se asegura la estabilidad de la propiedad y la certidumbre de los demás derechos. ” Arrieta v. Chinea Vda. de Arrieta, 139 D.P.R. 525 (1995).
En el caso de la usucapión o prescripción adquisitiva, la incertidumbre se funda en una dualidad de titularidades sobre, un mismo derecho. Id. La seguridad del tráfico jurídico y económico hace imperativo resolver estos estados de inceríidumbre sobre la base de estimar injusto el ejercicio tardío de los derechos y acciones. Id., págs. 36-37. La usucapión extraordinaria puede ocasionar adversidad para quien previamente tenía unos derechos. Sin embargo, tal prescripción está basada en conceptos de orden social que .tienden a estabilizar las relaciones jurídicas. Alonso v. Muñoz, 76 D.P.R. 549, 569 (1954).
El efecto principal de la usucapión es la adquisición del dominio. Artículo 1830 del Código Civil, supra; Puig Brutau (V. I), supra, pág. 329. En la prescripción adquisitiva del dominio, una vez transcurrido la totalidad del término fijado en la ley, de inmediato se materializa o consolida el dominio en la persona que en unión a sus anteriores dueños ha poseído durante ese período con los requisitos de ley. Ex Parte Reyes, 68 D.P.R. 854, 856 (1948). Dicho efecto se produce automáticamente en el momento en que el poseedor completa el período requerido. Puig Brutau (V. I), supra, pág. 329. Véase Rodríguez Morata, supra, págs. 47-50.
En una usucapión consumada, la doctrina sostiene que la actuación del usucapiente adquiere eficacia retroactiva al momento en que éste inició la posesión con sus necesarios requisitos, mientras que los actos realizados por el poseedor anterior quedan resueltos. Puig Brutau (V. I), supra, pág. 330; M. Albaladejo, Comentarios al Código Civil y Compilaciones Forales, Tomo XXV, Vol. 1, EDERSA, Madrid, 1993, págs. 247-248. Mientras el usucapiente reclama el dominio a su favor sobre el bien usucapido, se extingue correlativamente el derecho del antiguo titular. Véase Rodríguez Morata, supra, pág. 12; Albaladejo, supra, pág. 249.
*989 La prescripción es la transformación reconocida por la ley de un estado de hecho en un estado de derecho por el transcurso del tiempo. Rodríguez Morata, supra, pág. 11. La prescripción adquisitiva borra el estado de derecho anterior y crea uno nuevo, en el que el titular pasa a ser el usucapiente. Albaladejo, supra, pág. 253.
En el caso de la usucapión, el usucapiente adquiere el derecho que viene poseyendo tal como lo viene poseyendo. El proceso adquisitivo que se realiza mediante la usucapión sólo comprende el dominio y los derechos reales sobre la cosa poseída. Si el usucapiente reunió todos los requisitos señalados por ley, la usucapión consumada es inatacable. Albaladejo, supra, Pág. 254. No puede oponérsele circunstancia adversa posible. Las partes adversamente afectadas por esta figura jurídica deben asumir las consecuencias legales de su inacción.
La tradición civilista reconoce la usucapión o prescripción adquisitiva del dominio o de los demás derechos reales por medio de la posesión ininterrumpida, pública, pacífica y en concepto de dueño durante el tiempo fijado por ley. Artículo 1841 del Código Civil de Puerto Rico, supra, sec. 5262; Puig Brutau (V. I), supra, pág. 313; Albaladejo, supra, págs. 241 y 258-271. Obsérvese que para adquirir el dominio, el usucapiente necesita la posesión y el transcurso del tiempo fijado por ley. Puig Brutau (V. I), supra, pág. 314.
La doctrina distingue entre la usucapión ordinaria y la extraordinaria. Albaladejo, supra, págs. 243-244. La prescripción adquisitiva ordinaria requiere la concurrencia de buena fe y justo título junto al transcurso de un tiempo fijado por ley. Artículo 1857 del Código Civil, supra sec. 5278; Puig Brutau (V. I), supra, pág. 315. Contrario a la usucapión ordinaria, la extraordinaria no exige buena fe ni justo título. Artículo 1859 del Código Civil, supra, sec. 5280; Albaladejo, supra, pág. 259.
La buena fe del poseedor se define como la creencia de que la persona de quien recibió la cosa era dueña de ella, y podía transmitir su dominio. Artículo 1850, 31 L.P.R.A. see. 5271. El justo título es el que legalmente baste para transferir el dominio o derecho real de cuya prescripción se trate. Artículo 1851, 31 L.P.R.A. see. 5273. El título para la prescripción ha de ser verdadero y válido. Artículo 1853, 31 L.P.R.A. see. 5274. El justo título debe probarse; no se presume nunca. Artículo 1854, 31 L.P.R.A. see. 5275.
Son títulos justos, la compraventa, la permuta, la donación, la herencia y el legado, Castán Tobeñas, José, Derecho Civil Español Común y Foral, Tomo 2, Vol. 1, Reus, S.A. (1992), págs. 388-389. El término verdadero, con relación al justo título, implica que el negocio jurídico que transmite la propiedad no sea simulado y que tenga existencia real, Id. El requisito de validez significa que no puede tratarse de un título nulo, aunque puede ser meramente anulable. Puig Brutau (DI. 1), supra, pág. 340.
Ambas clases de usucapión exigen una posesión continuada o ininterrumpida, pública y pacífica en concepto de dueño durante el plazo estatuido en la ley. Artículo 1841 del Código Civil, 31 L.P.R.A. see. 5262; Sánchez González v. Registrador, 106 D.P.R. 361, 375 (1977). El Código exige una posesión en concepto de dueño porque sólo la posesión que se adquiere y se disfruta en concepto de dueño puede servir de título para adquirir el dominio. Puig Brutau (V. I), supra, pág. 318. Véase, además, Artículo 1841, supra; Albaladejo, supra, págs. 259-263 y 271-273.
La posesión en concepto de dueño requiere la realización de actos que usualmente se llevan a cabo por el verdadero dueño. Dichos actos generalmente dan base razonable al resto de la comunidad para considerar que quien los ejercita es el verdadero dueño. Es precisamente esta opinión general o creencia pública lo que le imparte a la posesión el concepto de dueño, independientemente de la creencia que sobre el particular pueda tener el propio poseedor. Vélez Cordero v. Medina, 99 D.P.R. 113, 119 (1970). El pago de las contribuciones a nombre del poseedor, del agua, de la luz y comportarse en todo momento como dueño y ejercitar facultades de dominio, son factores de los cuales puede deducirse que se posee en concepto de dueño. Albaladejo, supra, pág. 261. De igual forma, el disfrute exclusivo de los productos de una finca constituye posesión en concepto de *990 dueño. Alonso v. Muñoz, supra, pág. 568.
La norma vigente sostiene que los actos de carácter posesorio ejecutados por mera tolerancia del dueño no son suficientes para la prescripción adquisitiva. Artículo 1842 del Código Civil, supra, sec. 5263; Puig Brutau (V. I), supra, pág. 319. Si los actos posesorios son ejecutados por mera tolerancia del dueño, falta el requisito de posesión en concepto de titular necesarios para usucapir. Albaladejo, supra, pág. 259. Dichos actos no crean posesión en concepto de dueño. Id.
El Artículo 1857 del Código Civil, supra, sec. 5278, establece que el dominio y los demás derechos reales sobre los bienes inmuebles prescriben por la posesión durante diez (10) años entre presentes y veinte (20) años entre ausentes mediando buena fe y justo título.
El Artículo 1859 del Código Civil, supra, sec. 5280, establece que el dominio sobre bienes inmuebles prescriben por su posesión no interrumpida durante treinta (30) años, sin necesidad de título ni de buena fe y sin distinción entre presentes y ausentes. Véase Dávila v. Córdova, 77 D.P.R. 136 (1954); Puig Brutau (V. I), supra, pág. 323; Albaladejo, supra, págs. 379-380.
Para que pueda invocarse con éxito la prescripción extraordinaria, se requiere, además de la posesión pública, pacífica e ininterrumpida por el transcurso de treinta (30) años, la tenencia material de la propiedad que se trate unida a la intención de hacerla suya. Artículo 1841, supra; Silva Wiscovich v. Weber Dental Mfg. Co., supra. Los requisitos para usucapir tienen que acompañar a la posesión durante toda su duración.
El Código Civil de Puerto Rico establece las normas para el cómputo del tiempo que ha de transcurrir para la usucapión. El Artículo 1860 del Código Civil, supra, sec. 5281, dispone que:

“En la computación del tiempo necesario para la prescripción, se observarán las reglas siguientes:

(1) El poseedor actual puede completar el tiempo necesario para la prescripción, unido al suyo el de su causante.

(2) Se presume que el poseedor actual, que lo hubiera sido en época anterior, ha continuado siéndolo durante el tiempo intermedio, salvo prueba en contrario.

(3) El día en que comienza a contarse el tiempo se tiene por entero; pero el último debe cumplirse en su totalidad. ” Véase, además, Albaladejo, supra, págs. 381-392
Ciertamente, la usucapión en curso puede ser impugnada interrumpiéndola o impidiendo que la misma se consume. Artículos 1843-1848 del Código Civil, supra, secs. 5264-5269; Albaladejo, supra, pág. 253. La interrupción de la prescripción anula el tiempo pasado e inicia un nuevo término. Albaladejo, id., pág. 292. Tiene que probarla quien la alega porque la continuidad de la posesión se presume, id., pág. 275. Quien impugna la usucapión en curso puede atacar y reclamar la posesión o aducir que el usucapiente no reúne los requisitos exigidos para usucapir. Id. Ahora bien, la aparente usucapión consumada también puede ser atacada demostrando que durante la posesión, el usucapiente no reunió los requisitos legales necesarios para usucapir. Albaladejo, id., pág. 253.
Es sabido que la apreciación de la prueba reálizada por el tribunal sentenciador merece deferencia y que no deben intervenir los tribunales apelativos con la apreciación de la prueba reflejada en las determinaciones de hechos del tribunal apelado a menos que se demuestre que éste actuó movido por la pasión, el prejuicio o la parcialidad, o cometió un error manifiesto. Monitor v. Soc. Legal de Gan., supra; Pérez Cruz v. Hosp. La Concepción, 115 D.P.R. 721, 728 (1984). Sin embargo, la deferencia hacia la apreciación de la prueba de los *991 tribunales de primera instancia, no es absoluta. Tampoco tiene credenciales de inmunidad ante la función revisora de los tribunales apelativos. Méndez de Rodríguez v. Morales Medina, 142 D.P.R. 26 (1996); Rivera Pérez v. Cruz Corchado, 119 D.P.R. 8, 14 (1987). Si un análisis integral de la prueba refleja que las conclusiones del tribunal a quo están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida, éste ha cometido un error manifiesto. Id.; Ramos Acosta v. Caparra Dairy, 113 D.P.R. 357, 364 (1982); Zambrana v. Hosp. Santo Asilo de Damas, 109 D.P.R. 517, 527 (1979).
III
Los errores planteados por los demandantes recurrentes tienen que ver con la apreciación del Tribunal de Instancia de la prueba desfilada en el caso y por lo tanto serán discutidos a la misma vez. Los demandantes en este caso son los herederos de Hipólito Romero Benitez, dueño registral del solar en controversia. Ante la alegación de las demandadas y de la evidencia creída por el Tribunal de que se había consumado la usucapión, le correspondía a los demandantes refutar y establecer que durante la posesión los usucapientes no reunían los requisitos legales necesarios para la usucapión.
El Tribunal de Primera Instancia escuchó los testimonios de Eufemia Bigio Fontánez y Blanca Romero Bigio, testigos de los demandantes-recurrentes, y de Genoveva Ríos, testigo de los demandados-recurridos, y examinó la prueba documental sometida por las partes. A base de un examen de la prueba testifical y documental, el Tribunal le dio entero crédito al testimonio de la Sra. Ríos a los efectos de que ella y su esposo han ocupado el solar en controversia hace cuarenta (40) años en concepto de dueño con justo título y de manera pública, pacífica e ininterrumpidamente. El Tribunal rechazó los argumentos de los demandantes sobre la existencia de un contrato de arrendamiento entre los demandados y demandantes.
Concluyó el Tribunal, que estando los demandados en posesión del inmueble por más de cuarenta (40) años en presencia del titular y en concepto de dueño con justo título y de manera pública, pacífica e ininterrumpidamente, se consumaron tanto la prescripción adquisitiva ordinaria como la extraordinaria a favor de éstos. Al declarar con lugar la reconvención, el Tribunal de Primera Instancia determinó que los demandantes-recurrentes no pudieron demostrar que los demandados no cumplieron con los requisitos legales de la usucapión. Tampoco establecieron los elementos de su causa de acción de accesión.
No habiendo mediado parcialidad, prejuicio o error manifiesto en la apreciación de la prueba realizada por el tribunal sentenciador, la Sentencia dictada el 27 de junio de 2001 nos merece deferencia. Por lo tanto, se confirma la Sentencia apelada.
El Juez Rodríguez Muñiz disiente con opinión escrita.
Lo acordó el Tribunal y certifica la Secretaria Interina del Tribunal de Apelaciones.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones