ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| VIVA VIEQUES, LLC<br><br>Apelante<br><br>V.<br><br>MUNICIPIO DE VIEQUES<br><br>Apelado | KLAN202301080 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Vieques<br><br>Caso Núm. VQ2021CV00115<br><br>Sobre:<br><br>Expediente de Dominio |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 29 de enero de 2024.

Comparece Viva Vieques, LLC (en adelante, Viva Vieques o parte apelante) para que revisemos la *Sentencia* dictada el 22 de agosto de 2023, enmendada *Nunc Pro Tunc* el 8 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala de Fajardo (TPI). Mediante referida Sentencia el foro primario desestimó sin perjuicio la demanda incoada por el apelante.

Considerado los escritos de las partes, confirmamos la *Sentencia recurrida.*

## I.

El 22 de diciembre de 2021 Viva Vieques, LLC presentó una demanda contra el Municipio de Vieques. Alegó que es la única dueña de la estructura y, por posesión civilísima, de todos los derechos sobre cierta propiedad inmueble localizada en la Comunidad Bravos de Boston en Vieques, Puerto Rico. Sostuvo que la Finca 2246 donde ubica la propiedad objeto de la demanda

está inscrita a nombre del Municipio de Vieques. Viva Vieques explicó cómo se fue transfiriendo la propiedad desde el 1985 hasta que advino su dueño en el año 2019. En síntesis, recopiló lo siguiente:

> La Demandante adquirió la PROPIEDAD de los señores Jeffrey Lynn Zeiset y Jennifer Dee Zeiset mediante Escritura de Compraventa número 2 otorgada el **12 de junio de 2019** en Vieques, Puerto Rico.
>
> Los señores Jeffrey Lynn Zeiset y Jennifer Dee Zeiset adquirieron la PROPIEDAD de Las Piedras Paradise, Inc. mediante Escritura de Compraventa número 110 otorgada el **7 de diciembre de 2013** en Vieques, Puerto Rico.
>
> Las Piedras Paradise, Inc. adquirió la PROPIEDAD de Annie Weinraub Flanders y Christian Karl Flanders mediante la escritura número 3 de Permuta otorgada el **13 de enero de 2007**.
>
> Los señores Flanders adquirieron de Domingo Montero Rossy y Eva Hernández Normandía mediante contrato privado suscrito el **26 de agosto de 1985**.

El demandante Viva Vieques solicitó que se ordenara la inscripción a su favor de la propiedad ubicada en el solar 294, por estos, y los anteriores dueños, haber poseído la propiedad por más de 30 años.

El 25 de junio de 2022 el Municipio de Vieques (en adelante, Municipio) contestó la demanda. Luego de otros trámites, el 20 de febrero de 2023 las partes rindieron el Informe de Conferencia con Antelación al Juicio. En el informe, el Municipio adujo que "la demandante y los poseedores anteriores a esta, han reconocido en documentos públicos que el dueño del solar 294 lo es el Estado Libre Asociado de Puerto Rico o el Municipio de Vieques, por lo cual no se cumplen con los requisitos del Artículo 1860 del Código Civil."[1]

---

[1] Apéndice págs. 16-18.

El 20 de marzo de 2023 el Municipio enmendó su contestación a la demanda. Alegó que la finca número 2246 fue adquirida por el Municipio de Vieques mediante la Escritura Número Treinta y Dos (32) de Compraventa, otorgada en San Juan, Puerto Rico, el día 30 de noviembre de 1999.

El Municipio aceptó que la demandante es dueña de una estructura que ubica en el solar 294 y que dicha propiedad consta inscrita como parte de la finca 2246, la cual consta inscrita en el Registro de la Propiedad. Alegó a su vez, que la demandante no cumple con los requisitos para la prescripción extraordinaria bajo el Artículo 1860 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 5280. Explicó también que el solar 294 objeto de la causa de acción no se ha segregado de la finca 2246, por lo que resulta improcedente la reclamación de la parte demandante. Como defensa afirmativa aseveró que cualquier término prescriptivo que comenzara a correr a partir del contrato privado en el 1985, quedó interrumpido mediante el reconocimiento expreso de la titularidad del Municipio con anterioridad a que se cumplieran los alegados 30 años de posesión ininterrumpida al otorgarse la Escritura Número 110 de Compraventa otorgada el 7 de diciembre de 2013.

El 3 de mayo de 2023 el Municipio presentó una Moción de Sentencia Sumaria con copia de la escritura de compra número 110 otorgada el 7 de diciembre de 2013. Esbozó en la moción que la usucapión extraordinaria no fue consumada dentro del término prescriptivo de treinta (30) años, bajo el Artículo 1859 del Código Civil de Puerto Rico de 1930. Acto seguido, propuso los siguientes hechos como no controvertidos:

> 1. El Municipio de Vieques es el dueño registral de la finca 2246, a la cual pertenece el solar 294. Véase, Demanda, SUMAC Entrada Núm. 1, ¶2 y ¶3.

2. La parte demandante es dueña de una estructura que enclava en el solar 294. Véase, Demanda. Véase, Demanda, SUMAC, Entrada Núm. 1, ¶3.

3. Las Piedras Paradise, Inc., Jeniffer Lynn y Jennifer Dee Zeiset son antiguos poseedores del solar 294. Véase, Demanda. Véase, ¶7 de la Demanda.

4. Las Piedras Paradise, Inc., y Jennifer Lynn y Jennifer Dee Zeiset otorgaron Escritura de Compraventa Número 110 el 7 de diciembre de 2013. Véase, Demanda, ¶7.

5. La Escritura de Compraventa Núm. 110 contiene el siguiente lenguaje:

FIFTEEN: It is understood by all parties, and the undersigned notary advised them as well, that SELLER is conveying and/or granting to BUYER all rights of civil possession ("possession civilísima") over the PROPERTY, inasmuch as the PROPERTY is part of a bigger land to which title appears to be formally vested in the name of either the Government of Puerto Rico, the Municipality of Vieques or other governmental agency. BUYER is fully aware and was advised accordingly that, to apply for recognition of title to the land, BUYER must contact pertinent government agency to acquire said recognition or conduct proper legal proceedings before a court of law. Hence, it follows that this document represents only transfer of civil possession of the above described piece of land and title over the structure built on the same, according to the negotiations and the agreements by the parties. Véase, Exhibit 1 de la Moción de Sentencia Sumaria, a la página 4.

Expresó el Municipio que la posesión de la propiedad de los compradores Zeiset y los dueños anteriores no fue en concepto de dueños, por lo que no puede sumarse los años.

El 15 de junio de 2023 Viva Vieques presentó una Moción en Oposición a Sentencia Sumaria.

El 26 de junio de 2023 el Municipio presentó una Moción en Cumplimiento de Orden y Réplica a Oposición a Moción de Sentencia Sumaria. El Municipio incluyó como apéndice la escritura de compraventa de la finca número 2246, según escritura número 32 otorgada el 30 de noviembre de 1999 por el Departamento de la Vivienda a favor del Municipio de Vieques.

Tras ello, el 6 de julio de 2023 el demandante Viva Vieques presentó una Moción en Cumplimiento de Orden y Dúplica a Réplica a Oposición a Moción de Sentencia Sumaria. Allí reiteró que los dueños y poseedores anteriores han ocupado la propiedad en concepto de dueños, pública, pacífica e ininterrumpidamente por más de 30 años. Agregó que en el párrafo 15 de la escritura número 110 no se especificó a favor de quién podría estar inscrita la finca de mayor cabida donde ubica la propiedad.

Así las cosas, el 22 de agosto de 2023 el foro primario dictó la Sentencia, enmendada *nunc pro tunc* el 8 de septiembre de 2023. Mediante esta desestimó la demanda y emitió las siguientes determinaciones de hechos:

1. El Municipio de Vieques es el titular registral de la finca número 2246 adquirida mediante Escritura Número 32 de Compraventa, otorgada en San Juan, el día 30 de noviembre de 1999, ante el Notario Público Francisco Ramón González.

2. Según la Escritura Núm. 32, la descripción registral de la finca 2246 es:

   PARCELA "C" SANTA MARIA RESETTLEMENT TRACT. RUSTICA: Predio de terreno radicado en el Barrio Puerto Ferro del término municipal de Vieques, con una cabida superficial de 281.000 acres, en lindes por el Norte con el Océano Atlántico, por el SUR y Este con Terrenos del Municipio de Vieques, y varios vecinos de Vieques. Consta inscrita al Folio 200 vuelto (200vto) del Tomo 54, Sección de Fajardo, finca número 2,246.

3. La parte demandante es dueña de una estructura que enclava en el solar 294, adquirida mediante Escritura Número 2 de Compraventa otorgada el 12 de junio de 2019 ante el Notario Eugenio Luis Rivera Ramos de manos de Jeffrey Lynn Zeizet y Jennifer Dee Zeiset. Estos, a su vez, adquirieron la propiedad de Las Piedras Paradise, Inc. mediante Escritura de Compraventa Número 110 otorgada el 7 de diciembre de 2013 en Vieques, Puerto Rico ante la notaría Hildamar Rodríguez Gerardino. Surge de la Escritura 110 que Las Piedras Paradise, Inc., a su vez, adquirió la propiedad de Christian Karl Flanders y Annie Weinraub Flanders mediante Escritura Número 3

sobre permuta otorgada el 13 de enero de 2007 ante el notario José Rafael González Rivera. El señor y la señora Flanders adquirieron la propiedad de Domingo Montero Rossy y Eva Hernández Normandía mediante contrato privado suscrito el 26 de agosto de 1985 ante el notario Carlos L. González Reyes.

4. El solar 294 no ha sido segregado y forma parte de la finca 2246, inscrita a favor del Municipio.

5. Las Piedras Paradise, Inc., Jeniffer Lynn y Jennifer Dee Zeiset son antiguos poseedores del solar 294, los cuales adquirieron el título sobre la estructura que enclava en el solar mediante la Escritura de Compraventa Número 110 el 7 de diciembre de 2013.

6. La Escritura de Compraventa Núm. 110 contiene el siguiente lenguaje:

FIFTEEN: **It is understood by all parties**, and the undersigned notary advised them as well, that SELLER is conveying and/or granting to BUYER all rights of civil possession ("possession civilísima") over the PROPERTY, in as much as the PROPERTY is part of a bigger land to which title appears to be formally vested in the name of either the Government of Puerto Rico, the Municipality of Vieques or other governmental agency. BUYER is fully aware and was advised accordingly that, to apply for recognition of title to the land, BUYER must contact pertinent government agency to acquire said recognition or conduct proper legal proceedings before a court of law. Hence, it follows that this document represents only transfer of civil possession of the above described piece of land and title over the structure built on the same, according to the negotiations and the agreements by the parties.

7. Los años de posesión civil de los antiguos poseedores comenzaron a transcurrir a partir del 26 de agosto de 1985, según surge de la mencionada Escritura de Compraventa Núm. 110.

El TPI expuso el derecho atinente a la sentencia sumaria y a la prescripción adquisitiva extraordinaria. El foro primario concluyó que "la demandante no reúne los requisitos para la usucapión, por haberse interrumpido el término prescriptivo anterior a que fuera consumada la usucapión."[2]  Explicó el foro que "[a] la fecha en que se otorgó la Escritura Núm. 110 de

---

[2] Apéndice pág. 92.

Compraventa, el 7 de diciembre de 2023, mediante la cual adquirió la parte demandante, habían transcurrido solo 28 años desde que comenzó a transcurrir la posesión civilísima por los antiguos poseedores, estos contados a partir del 26 de agosto de 1985, fecha de adquisición de los poseedores originales."[3]

Viva Vieques solicitó reconsideración. Tras ser denegada el 1ro de noviembre de 2023, acudió a nuestro foro el 1ro de diciembre de 2023 mediante recurso de apelación. En el recurso alegó que incidió el TPI al:

> **Primero**: Al determinar que el lenguaje contenido en la Escritura número 110 del 7 de diciembre de 2013 interrumpe el término prescriptivo de la prescripción.

> **Segundo**: Al desestimar la demanda presentada por la parte demandante-apelante.

El Municipio de Vieques compareció mediante *Oposición a Escrito de Apelación*. Con el beneficio de las comparecencias de ambas partes, disponemos del asunto.

## II.

## A.

Es norma reiterada que nuestro ordenamiento procesal civil reconoce el uso y valor del mecanismo de la sentencia sumaria como vehículo para asegurar la solución justa, rápida y económica de un caso. Universal Company y otros v. ELA, 211 DPR 455 (2023); Meléndez González et al. v. M. Cuebas, 193 DPR 100 (2015); SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Ramos Pérez v. Univisión, 178 DPR 200 (2010).

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, rige el proceso mediante el cual cualquiera de las partes en un pleito puede solicitar al tribunal que dicte sentencia sumaria a su favor. Para ello, la parte que interese utilizar este mecanismo deberá

---

[3] Íd.

demostrar en su solicitud "la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación." 32 LPRA Ap. V R. 36.1, 36.2.

Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Universal Company y otros v. ELA, *supra*; Meléndez González et al. v M. Cuebas, *supra*; Ramos Pérez v. Univisión, *supra*, pág. 213.   Para esto, la parte promovente debe establecer su derecho con claridad y demostrar que no existe una controversia sustancial o real en cuanto a algún hecho material. Birriel Colón v. Econo y otros, 2023 TSPR120, 213 DPR ____ , (res. 3 de octubre de 2023); Meléndez González et al. v. M. Cuebas, *supra*, pág. 110.

Una vez el tribunal determine que no existen controversias de hechos reales materiales y pertinentes, el tribunal deberá aplicar y resolver conforme a Derecho. Rodríguez García v. UCA, 200 DPR 929, 942 (2018).

Al revisar solicitudes de sentencia sumaria, este Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia. Meléndez González, et al. v. M. Cuebas, *supra*, pág. 118. La revisión que este Foro apelativo realizará de las sentencias sumarias se considera *de novo*; por lo que habremos de examinar el expediente de la manera más favorable hacia la parte que se opuso a la moción de sentencia sumaria en el foro primario, y llevar a cabo todas las inferencias permisibles a favor de esta. Íd. Así pues, al revisar la determinación del Foro primario respecto a una sentencia sumaria, estamos limitados de dos maneras: (1) sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia; y (2) sólo podemos determinar si existe o no alguna controversia genuina de hechos

materiales y esenciales; y si el derecho se aplicó de forma correcta. Íd. Esto es, no podemos adjudicar los hechos materiales y esenciales en disputa. Esa tarea le corresponde al foro de primera instancia. Íd.

**B.**

En nuestro ordenamiento jurídico, la propiedad puede adquirirse por medio de la prescripción adquisitiva o usucapión. Artículo 549 del Código Civil de 1930, 31 LPRA sec. 1931.[4] El efecto principal de la usucapión es la adquisición del dominio. Por tanto, una vez transcurrido la totalidad del término fijado en nuestro ordenamiento, de inmediato se materializa o consolida el dominio en la persona, que, en unión a sus anteriores dueños, ha poseído durante ese periodo con los requisitos de ley. Adm. Terrenos v. SLG Rivera-Morales, 187 DPR 15, 26 (2012); Ex parte Reyes, Rodríguez, Opositora, 68 DPR 854 (1948).

La prescripción adquisitiva de naturaleza extraordinaria, pertinente al presente caso está regulada por el Artículo 1859 del Código Civil, 31 LPRA sec. 5280, el cual dispone que:

> Prescriben también el dominio y demás derechos reales sobre los bienes inmuebles por su posesión no interrumpida durante treinta (30) años, sin necesidad de título ni de buena fe, y sin distinción entre presentes y ausentes, salvo la excepción determinada en el Artículo 475, Segunda Sección, Capítulo I, Título VII, Libro Segundo, de este Código.

Este efecto se produce automáticamente en el momento en que el poseedor completa el periodo requerido. Adm. Terrenos v. SLG Rivera-Morales, *supra*.

El Tribunal Supremo de Puerto Rico ha requerido prueba de ciertos hechos para que se produzca la prescripción extraordinaria

---

[4] Se hace referencia al anterior Código Civil de 1930 que era el vigente al momento en que se suscitaron los hechos relacionados a la adquisición del inmueble.

que establece el Art. 1859 del Código Civil de Puerto Rico, *supra*,

a saber:

> (1) una posesión **continuada** durante treinta años sobre el inmueble; (2) por haberla así tolerado el dueño del inmueble; (3) ya que el prescribiente ha entrado en posesión del inmueble sin autorización, permiso o licencia otorgados por el dueño o en virtud de contrato celebrado con el dueño; (4) cuya posesión ha mantenido el poseedor **en concepto público de dueño**, de acuerdo con la creencia colectiva de la comunidad en que vive, no en virtud de la creencia propia que pueda tener el poseedor de ser el dueño del inmueble poseído y (5)cuya posesión resulte además pública, pacífica y (6) **sin que se haya interrumpido** naturalmente, o sea, por abandono de la cosa por el poseedor, por más de un año, o civilmente, en virtud de diligencia judicial o notarial, **o por un reconocimiento expreso o tácito del derecho del dueño hecho por el poseedor**, antes de haber transcurrido los treinta años durante los cuales se consuma la prescripción, y (7) sin que el poseedor haya renunciado expresa o tácitamente a su título por prescripción por alguna causa que resulte eficaz en derecho para tal renuncia, después de consumada la prescripción extraordinaria.

Adm. Terrenos v. SLG Rivera-Morales, *supra*, págs. 28-29; Dávila v. Córdova, 77 DPR 136, 150-151 (1954). Véase, además, el Artículo 1841 del Código Civil, 31 LPRA sec. 5262.

La "posesión civil", que es la requerida en estos casos, se define como la tenencia de una cosa o el disfrute de un derecho, unidos a la intención de hacer suya la cosa o el derecho. Art. 630 del Código Civil, 31 LPRA sec. 1421; Adm. Terrenos v. SLG Rivera-Morales, *supra*. Por lo tanto, la usucapión requiere que la posesión sea en concepto de dueño. Adm. Terrenos v. SLG Rivera-Morales, *supra;* Bravman, González v. Consejo, 183 DPR 827 (2011), citando a J. Puig Brutau, Fundamentos de Derecho Civil, Tomo III, Vol. 1, 3ra ed., Bosch, Barcelona, 1989, pág. 318.

Se concibe que un inmueble se posee en concepto de dueño cuando la opinión pública o percepción general entiende que es el verdadero dueño, unido a los actos que el poseedor realiza con relación a la propiedad, independientemente de la creencia que sobre el particular este pueda tener. Adm. Terrenos v. SLG Rivera-

Morales, *supra,* pág. 29; Vélez Cordero v. Medina, 99 DPR 113, 119 (1970).

Como corolario de la doctrina, los actos ejecutados por licencia o mera tolerancia del dueño no son suficientes para que se cumpla con los requisitos de la prescripción extraordinaria puesto que no se configura la posesión en concepto de dueño. Así pues, todo aquel que posea con permiso, autorización o en representación de otro no podrá adquirir el dominio, ni ningún otro derecho por virtud de la prescripción ordinaria o extraordinaria. Adm. Terrenos v. SLG Rivera-Morales, *supra;* Sol Bravman v. Consejo de Titulares del Condominio Palma Real, *supra*; Sánchez González v. Registrador, 106 DPR 361, 375 (1977); Dávila v. Córdova, *supra*, págs. 143-148.

Ahora bien, el Artículo 1843 del Código Civil, 31 LPRA sec. 5264, establece que la posesión se puede interrumpir natural o civilmente. En lo aquí atinente se interrumpe civilmente la posesión: (1) por la citación judicial hecha al poseedor, aunque sea por mandato del tribunal o un juez incompetente; (2) mediante el requerimiento judicial o notarial, siempre que dentro de los dos meses de practicado se presente ante el tribunal o el juez la demanda sobre posesión o dominio de la cosa cuestionada, y (3) **por cualquier reconocimiento expreso o tácito que el poseedor hiciere del derecho del dueño**. (Énfasis nuestro); Véanse, Arts. 1845, 1847 y 1848 del Código Civil, 31 LPRA secs. 5266, 5268 y 5269.

De no interrumpirse el término prescriptivo para la prescripción adquisitiva, el usucapiente adquirirá el dominio de la cosa. Adm. Terrenos v. SLG Rivera-Morales, *supra.* Si el usucapiente reunió todos los requisitos señalados por ley, la usucapión consumada es inatacable. Íd., págs. 30-31.

**III.**

Viva Vieques nos solicita que revisemos una sentencia emitida de forma sumaria, mediante la cual el TPI desestimó su reclamación de prescripción adquisitiva. Ello, por haberse interrumpido el término de treinta años para adquirir el dominio de la propiedad.

Los apelantes alegan que ninguno de los poseedores del solar 294 ha admitido ni reconocido no poseer la propiedad en concepto de dueños. Sostienen que son los dueños de la estructura y, por posesión civil, del terreno donde esta ubica y han llevado actos de dominio durante más de treinta (30) años. Dicen que han poseído la propiedad en concepto de dueños, pública, pacífica e ininterrumpidamente, según lo concibe la opinión pública. Agregó que ninguno de los poseedores del solar 294 han admitido ni reconocido no poseer la propiedad en concepto de dueños. Alegó que la expresión del inciso 15 de la escritura otorgada el 7 de diciembre de 2013 no es hecha por la parte vendedora/poseedora, según lo requiere el Artículo 1848 del Código Civil, sino que es una advertencia hecha por la notario bajo su responsabilidad de notificar a las partes el estatus registral de la propiedad.

El Municipio, por su parte, alega que la expresión sobre la titularidad del terreno donde ubica la estructura no es meramente una advertencia notarial, sino que es una expresión de un acuerdo entre las partes, cuando se expresa, "It is understood by all the parties". Agregó que la última oración confirme el alcance de la cláusula, el cual es poner de manifiesto que el título que se está transfiriendo es sobre la estructura y no sobre el terreno, ya que según reconocen los otorgantes, la finca "es parte" de una finca mayor que pertenece al Municipio o al Gobierno de Puerto Rico.

Agregó que en la primera cláusula de la escritura número 110 se identifica claramente que la estructura está "radicada en un solar de aproximadamente mil metros cuadrados (1000m2) propiedad del Estado Libre Asociado de Puerto Rico por el cual no se paga ningún canon de arrendamiento" […].[5]  Adujo, por tanto, que hay un reconocimiento inequívoco sobre el derecho de un tercero como dueño del terreno que se pretende usucapir.

Evaluamos.

Las determinaciones de hechos del foro primario establecen que el Municipio de Vieques es el titular registral de la finca número 2246 adquirida el 30 de noviembre de 1999.  Mientras, que el apelante es dueño de la estructura que enclava en el solar 294, adquirida el 12 de junio de **2019**.  El solar 294 no ha sido segregado y forma parte de la finca 2246, inscrita a favor del Municipio. Surge además de los hechos que Las Piedras Paradise, Inc., Jeniffer Lynn y Jennifer Dee Zeiset son antiguos poseedores del solar 294, quienes adquirieron el título sobre la estructura que enclava en el solar mediante la Escritura de Compraventa número 110 el 7 de diciembre de 2013.  El inciso 15 de la escritura número 110 contiene la siguiente cláusula:

> "It is understood by all parties, and the undersigned notary advised them as well, that SELLER is conveying and/or granting to BUYER all rights of civil possession ("possession civilísima") over the PROPERTY, in as much as the PROPERTY is part of a bigger land to which title appears to be formally vested in the name of either the Government of Puerto Rico, the Municipality of Vieques or other governmental agency."

Al examinar *de novo* la solicitud de sentencia sumaria, junto al escrito en oposición, determinamos que los antes mencionados hechos medulares no presentan controversia, ni han sido

---

[5] Alegato en Oposición, pág. 10.

controvertidos en el recurso que atendemos. Ante ello, nos queda revisar la corrección del derecho aplicado.

Para adjudicar la presente causa, el foro primario revisó si se interrumpió el término prescriptivo de treinta (30) años para la consumación de la usucapión. Esto, a tenor con la normativa reseñada que dispone que "[c]ualquier reconocimiento expreso o tácito que el poseedor hiciere del derecho del dueño, interrumpe asimismo la posesión"[6]. Para contestar en la afirmativa, el foro primario coligió que en la escritura número 110 de compraventa, suscrita por los antiguos poseedores del solar 294, el 7 de diciembre de 2013, se hizo la expresión clara e inequívoca de que el terreno en donde estaba ubicada la estructura sobre la cual adquirían el dominio, le pertenecía al Municipio de Vieques y/o al Gobierno de Puerto Rico.[7]

Como foro revisor estamos de acuerdo con la decisión del tribunal de instancia.

La prescripción adquisitiva extraordinaria se produce por la posesión **no interrumpida** durante treinta (30) años. Artículo 1859, Código Civil, *supra*. Para los efectos de la prescripción, la posesión civil se puede interrumpir por cualquier reconocimiento expreso o tácito que el poseedor hiciere del derecho del dueño. Artículo 1848 del Código Civil, *supra*.

De los hechos surge que el 26 de agosto de 1985 el señor y la señora Flanders suscribieron un contrato privado para adquirir una propiedad. Estos, vendieron la propiedad a Las Piedras Paradise, Inc. el 13 de enero de 2007. Las Piedras Paradise le vendió la propiedad a Jeffrey Lynn Zeizet y Jennifer Dee Zeiset, mediante la escritura número 110, otorgada el 7 de diciembre de

---

[6] Artículo 1848 del Código Civil, 31 LPRA sec. 5269.
[7] Apéndice pág. 92.

2013. Hasta ahí habían transcurrido veintiocho (28) años de la posesión y traspaso.

Ahora bien, en el párrafo 15 de la escritura número 110 otorgada en el año 2013, surge de forma expresa y clara que la titularidad del solar 294, donde enclava la estructura, forma parte de una parcela de mayor cabida cuya titularidad pertenece al Estado Libre Asociado o al Municipio de Vieques. Esto es, la escritura contiene una cláusula en la que se reconoce que la estructura ubica en un terreno que le pertenece a otra persona o entidad. Este reconocimiento expreso, según plasmado en la escritura, tuvo el efecto de interrumpir la posesión para efectos de la usucapión extraordinaria, a tenor con lo dispuesto en el Artículo 1848, *supra*. Por tanto, a la fecha en que Vive Vieques adquirió la propiedad en el año 2019, el término prescriptivo estaba interrumpido y no se completaron los 30 años.

De manera que, el foro primario interpretó correctamente que el término de treinta (30) años para adquirir la propiedad por prescripción extraordinaria quedó interrumpido con el reconocimiento expreso en la escritura sobre el derecho del dueño. Esta determinación sumaria se sustenta por la prueba documental, no contradicha, y es adecuada en derecho, de modo que sólo procede la confirmación de la Sentencia apelada.

**IV.**

Por las razones antes señaladas, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones